IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| BRANDON LEE LIGHT, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:14-CV-0185 |
| | § | |
| WILLIAM STEPHENS, | § | |
| Director, Texas Dep't of Criminal Justice | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO DENY**
**PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner has filed with this Court a petition for a writ of habeas corpus challenging disciplinary proceeding 20140040611, which occurred on October 15, 2013, and which resulted in the loss of 120 days of good-time credit. The proceeding took place at the Clements Unit in Potter County, Texas. As of the date the instant habeas application was filed, petitioner remained incarcerated at the Clements Unit pursuant to an October 22, 2005 conviction for the offense of aggravated assault with a deadly weapon out of Hunt County, Texas and a January 21, 2008 conviction for the offense of aggravated robbery out of Hopkins County, Texas.

In order to challenge a prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner must, at a minimum, be eligible for mandatory supervised release and have received a punishment sanction which included forfeiture of previously accrued good time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). In his habeas application, petitioner acknowledges that his original conviction did include a deadly weapon finding, and that he is not eligible for release on mandatory supervision. A review of the Offender Information Detail maintained by the Texas Department of Criminal Justice, confirms petitioner is incarcerated on a five-year sentence for his conviction for

aggravated robbery and ten-years for his conviction for aggravated assault with a deadly weapon.

A prisoner who, after 1996, committed the offense of aggravated robbery is not eligible for mandatory supervised release. *See* Tex. Gov't Code § 508.149(a)(12); Act of June 1, 1995, 74th Leg., R.S., ch. 263 § 1, 1995 Tex. Gen. Laws 2592. Likewise, petitioner is correct that his conviction for aggravated assault with a deadly weapon renders him ineligible for mandatory supervised release. *See* Tex. Gov't Code § 508.149(a)(7). Therefore, even though petitioner lost previously earned good-time credit as a result of the disciplinary proceeding, he cannot challenge the adjudication by way of a federal petition for writ of habeas corpus. *See Malchi*, 211 F.3d at 958.

## RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner BRANDON LEE LIGHT be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this ___27th___ day of August, 2014.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).